PEOPLE *v.* MINTON

1. ASSAULT AND BATTERY—INTENT—ACTS OF DEFENDANT—INFER-
ENCE.
 The required intent for a charge of felonious assault without
 intending to commit murder or to inflict great bodily harm
 may be inferred from the defendant's acts.

2. CRIMINAL LAW—INSANITY—DEFENSES.
 A defendant was not denied the right to plead insanity as a
 defense where he was afforded three psychiatric examinations
 before trial and did not claim that defense.

3. CRIMINAL LAW—PLEA OF NOT GUILTY—INFORMATION—WAIVER
OF DEFECTS.
 A plea of not guilty waives any defect in the information.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 June 4, 1970, at Lansing.
(Docket No. 8,174.)   Decided July 2, 1970.

Dan Minton was convicted of felonious assault.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James J. Ros-
tash,* Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1]  6 Am Jur 2d, Assault and Battery §§ 97, 107.
[2]  21 Am Jur 2d, Criminal Law § 54.
[3]  21 Am Jur 2d, Criminal Law § 467.

Before: Lesinski, C. J., and Quinn and Rood,* JJ.

Per Curiam. The trial judge found defendant guilty of felonious assault, CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277). Defendant was sentenced and he appeals.

The first two issues presented by this appeal relate to defendant's claim that the record does not disclose that he had the requisite intent to be guilty of the offense. The required intent may be inferred from the acts of defendant. *People* v. *Clark* (1967), 6 Mich App 526. There is ample evidence in this record to support the finding that defendant made the assault with the required intent.

Defendant contends he was denied the right to plead insanity as a defense. This contention is not supported by the record. Defendant was afforded three psychiatric examinations prior to trial and did not claim the defense of insanity.

Finally, defendant asserts a defect in the information. He pleaded not guilty. That plea waived the defect, if any existed. *People* v. *Collins* (1968), 380 Mich 131.

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.